20768

Shelley Boyd MALONE, Individually and on behalf of all others similarly situated, Appellant, v. James B. EDWARDS, Grady L. Patterson, Jr., Earle E. Morris, Jr., Rembert C. Dennis and Tom G. Mangum, constituting the members of the State Budget and Control Board, and Daniel R. McLeod, as Attorney General of the State of South Carolina, Respondents.

(247 S. E. (2d) 454)

*William B. Regan,* Charleston, *for appellant.*

*Atty. Gen., Daniel R. McLeod* and *Asst. Atty. Gen., Karen L. Henderson,* Columbia; and *Sinkler, Gibbs & Simons,* Charleston, *for respondents.*

September 18, 1978.

NESS, Justice:

This is a declaratory judgment action by the appellant Malone, individually and as a representative of the taxpayers of South Carolina, seeking to enjoin the proposed issuance of $3,000,000 of state institution bonds on behalf of Trident Technical College in Charleston County. The trial court ruled the bonds could be issued upon Trident's remittance of $228,767.50 of tuition fees to the State Treasurer. We affirm.

Appellant asserts the invalidity of Code Section 59-107-10 (1977 Supp.) which classified technical education colleges

and centers as institutions of higher learning for purposes of the State Institution Bond Act. Appellant argues the term "state institution of higher learning" is a term of art with an accepted and recognized legal definition in South Carolina law which could not be altered by the legislature.

New Article X, Section 13(6)(b) of the South Carolina Constitution provides:

"General obligation bonds for any state institution of higher learning designated by the General Assembly (state institution bonds) may be issued, if such bonds shall be additionally secured by a pledge of the revenues derived from the tuition fees received by the particular institution of higher learning for which such state institution bonds are issued; *provided,* that the maximum annual debt service on all state institution bonds so additionally secured issued for such state institution thereafter to be outstanding shall not exceed ninety per cent of the sums received by such state institution of higher learning from tuition fees for the fiscal year next preceding."

Appellant contends that once the term was used in new Article X, the legislature lost its authority to expand the term in the Bond Act to include any facility outside its accepted meaning as of that date. We disagree.

The General Assembly had, prior to the ratification in 1977 of Article X, properly treated state institutions of higher learning as embracing the traditional four-year colleges and universities as listed in Section 59-107-10 of the 1976 Code of Laws. These are the type schools generally recognized as institutions of higher learning and no question is raised as to such classification. However in 1977, after the ratification of Article X, Section 59-107-10 was amended to include "Technical Education Colleges and Centers" as "state supported institutions of higher learning" so as to make them eligible to issue bonds under the permission granted in Article X.

The Constitution grants a legislative body the power, within reasonable limitations, to prescribe legal definitions of its own language. *Windham v. Pace et al.,* 192 S. C. 271, 6 S. E. (2d) 270 (1939). The legislature's decision to vest technical education colleges and centers with bonding capacity is neither unreasonable nor proscribed by the constitution. We uphold the authority of the legislature to include technical education colleges and centers within the definition of state institutions of higher learning.

Alternatively, appellant asserts Trident should not be permitted to avail itself of the Bond Act because it has not remitted tuition fees to the State Treasurer as required by the Act (§ 59-107-30) and by Article X of the Constitution. It is conceded Trident is a viable institution with a demonstrated ability to generate sufficient funds for the contemplated bonds.

Until the passage of Code Section 59-107-10 in June of 1977, Trident had no bonding capacity and did not separate any portion of the student fee being assessed its students. However, after passage of the Act, Trident increased its fee schedule and began designating a portion of monies received as security for the proposed bonds. The trial court concluded this designation constituted sufficient compliance with the tuition fee requirement to permit issuance of the bonds.

As Trident's fiscal year ended on June 30, 1978, we hold the college did in fact earmark the necessary funds for a one year period as required by the Bond Act and Article X of the Constitution. Upon remittance of the $228,767.50 collected and designated, Trident will be in compliance with the tuition fee requirement. Accordingly, the proposed bonds may be issued.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.